UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

Eastern District of Kentucky
FILED
OCT 27 2025
AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 3:25-CR-0008-GFVT-MAS

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                              PLEA AGREEMENT

ARTHUR GEORGE WIDMAN II                                                       DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with intent to distribute 500 grams or more of cocaine. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1.

2. The essential elements of Count 2 are:

(a) that the defendant knowingly and intentionally possessed cocaine, a Schedule II controlled substance,

(b) that the defendant intended to distribute it to another person; and

(c) the amount attributable to the defendant is 500 grams or more.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning on February 28, 2025, and continuing through on or about March 3, 2025, in Franklin County, in the Eastern District of Kentucky, Frankfort Police Department and Homeland Security Investigations officers utilized a

confidential informant to arrange, via recorded phone calls, the purchase of two kilograms of cocaine from the defendant, Arthur George Widman II.

(b) On March 3, 2025, law enforcement began surveillance efforts to locate the Defendant and observed him, and later identified co-defendants, William Lewis Birkla and Michael Anthony Arro, leaving the Cattlemen's Steakhouse in Frankfort. Officers continued surveillance of the Defendant, Birkla and Arro, who were following the Defendant. The Defendant drove to an apartment complex, then exited the vehicle and an unknown female drove his vehicle. A traffic stop was initiated on the vehicle with Birkla and Arro; subsequently, the Defendant's vehicle driven by the female arrived at the stop. Upon questioning, she advised that the vehicle contained drugs belonging to the Defendant. A search of the vehicle recovered approximately 2 kilograms of suspected cocaine. Law enforcement obtained information that the Defendant was present when Birkla obtained the cocaine from his supplier. Birkla and Arro followed the Defendant to the suspected delivery location in order to ensure that payment was received and payment would be made to the supplier.

(c) The recovered drugs were submitted to the KSP Lab for testing and were determined to contain 2009 grams of cocaine hydrochloride.

4. The statutory punishment for Count 2 is imprisonment for not less than 10 years and not more than Life, a fine of not more than $8,000,000, and a term of supervised release of not less than 8 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the sentencing. The Defendant has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in Paragraph 3 above and the discovery materials provided to the Defendant.

(c) Pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level is 26.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea and conviction. The Defendant retains the right to appeal any sentence above the statutory mandatory minimum.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to

3

implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation

or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The

Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 10/27/25    By: _____
Ronald L. Walker Jr.
Assistant United States Attorney

Date: 10-27-25

_____
Arthur George Widman II
Defendant

Date: 10/27/25

_____
Jarrod Beck
Attorney for Defendant

7